## Lawson's Estate.

*Will—Life estate—Expenditures out of personalty for repairs to realty—Widow—Jurisdiction of Orphans' Court.*

1. Where a widow is given the income of her husband's estate during life or widowhood, and appointed one of two executors, but the executors are not vested with any trust or control over the real estate, the executors have no standing, years after the death of testator, to petition the Orphans' Court for permission to spend some of the personalty of the estate on repairs of real estate.

2. In such case, the Orphans' Court has no jurisdiction to make an order for repairs which the widow as life-tenant was bound to make.

Petition of executors for leave to make repairs to realty. O. C. Schuylkill Co.

*H. O. Haag*, for petitioners.

WILHELM, P. J., March 27, 1922.—David Lawson died on March 29, 1910, testate, leaving to survive him his widow, Ida Lawson. In the year 1911 certain pieces of real estate of the decedent were sold for the payment of debts, and, after the debts were paid, there remained, according to the account filed, for distribution the sum of $640.37, the income of which was awarded to Ida Lawson, his wife, for life or during widowhood, according to the terms of the will, which bequeathed to Ida Lawson the income of all the estate so long as she remained the widow of the testator, or during life if she remained unmarried.

This is the petition of Ida Lawson and W. J. Henry, executors of the last will and testament of David Lawson, praying for a decree directing the executors to make certain repairs to said real estate and "to expend said sum of $662.97," the income from which belongs to the widow, "to pay the cost of said repairs." The petition recites that the houses were in need of repairs during the lifetime of the decedent, and that the houses now need new roofs, new walks, new out-houses, door-sills, spouting, floors and painting.

The petition further sets forth that the life-tenant is "unable to use said income for the aforesaid repairs, as it would be the means of depriving her of her livelihood."

The extent of the interest of the life-tenant is fixed by the will, and she seems to have elected to take under the will, and the court has no power to change the terms of the will to the injury of the remaindermen. More than ten years have elapsed since the death of the testator; how much of the

2 D. & C.

dilapidation is due to the neglect of the life-tenant cannot be ascertained from anything in the petition. Under the law, it is the duty of the life-tenant to preserve the property in reasonably good condition out of the income she receives, and whether or not the income is sufficient for that purpose is a matter that cannot be taken into consideration by the court in disposing of an application of this nature.

Again, a grave question arises involving the jurisdiction of the court to make the order prayed for, or whether the executors have any standing in a proceeding of this nature.

As to the real estate, the power and duty of the executors is limited by the will to the conveying of several pieces of real estate upon certain contingencies. They are not authorized to sell or mortgage the real estate or exercise any care over it, and no trust is reposed in them concerning the real estate. Not having been given any control of the real estate by the will, no authority over it exists, because the law gives them none, and as executors they are attempting to interfere with the real estate of the testator with which they have no concern, and the petition should be dismissed.

The petition is dismissed.                    From J. O. Ulrich, Tamaqua, Pa.